

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-84,218-01

### EX PARTE TYRONE LEARONE MCCURDY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. WRIT08497 IN THE 196TH DISTRICT COURT FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and sentenced to fifty years' imprisonment. The Sixth Court of Appeals modified the judgment and affirmed his conviction. *McCurdy v. State*, No. 06-12-00206-CR (Tex. App.—Texarkana Sept. 26, 2013) (not designated for publication).

Applicant contends that the State failed to disclose evidence of a plea agreement it made with Bernard Kelly, Jr., and knowingly elicited testimony from Kelly at trial that no promises had been

made in exchange for his testimony. Applicant also contends that trial counsel failed to object to Detective Mike Johnston's testimony at trial, consult with or call a ballistics expert, and object when a video of the deceased lasting approximately fifteen minutes was played at trial.

Applicant has alleged facts that, if true, might entitle him to relief. *Brady v. Maryland*, 373 U.S. 83 (1963); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall hold a live evidentiary hearing in response to Applicant's claims.

Applicant appears to be represented by counsel. If he is not and the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

After holding a hearing and reviewing the record, the trial court shall make findings of fact and conclusions of law as to whether the State violated *Brady* and knowingly elicited false testimony at trial. The trial court shall also make findings and conclusions as to whether counsel's conduct was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time shall be obtained from this Court.

Filed: December 16, 2015
Do not publish